DEC 0 3 2018

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTOPHER A. HOSHAW; and<br>ALL AROUND SPORTS, LLC,<br><br>Defendants. | CR 18-40157<br><br>PLEA AGREEMENT |

Defendant Christopher A. Hoshaw (individually) and Defendant All Around Sports, LLC, the Defendants' attorney, and the United States Attorney for the District of South Dakota hereby submit the following Plea Agreement to the United States District Court, which Agreement was reached pursuant to discussions between the United States Attorney and the Defendants' attorney. The Agreement is as follows:

**A. ACKNOWLEDGMENT AND WAIVER OF RIGHTS AND UNDERSTANDING OF MAXIMUM PENALTIES:** The Defendants agree that they have been fully advised of the statutory and constitutional rights herein, and that they have been informed of the charges and allegations against each of them and the penalties therefor, and that each understand the same. The Defendants further agree that each of them understand that by entering a plea of guilty as set forth hereafter, each of them will be waiving certain statutory and constitutional rights to which they are otherwise entitled.

B. **PLEA AGREEMENT PROCEDURE – NO RIGHT TO WITHDRAW PLEA IF COURT REJECTS RECOMMENDATION:** The United States and the Defendants agree that this Plea Agreement is presented to the Court pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, which authorizes the United States to agree that it will recommend, or agree not to oppose, the Defendants' request that a particular sentence or sentencing range is appropriate or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor, does or does not apply. Such agreements and recommendations are not binding on the Court, and the Defendants may not withdraw their pleas of guilty if the Court rejects the agreements or recommendations.

C. **PLEA OF GUILTY TO CHARGES – WAIVER OF INDICTMENT:**

Defendant Christopher A. Hoshaw, individually, will waive Indictment in this case and plead guilty to Count 2 of an Information charging him with Wire Fraud, in violation of 18 U.S.C. § 1343. Wire Fraud carries the maximum penalties of 20 years in prison, a $250,000 fine, or both, and a period of supervised release of 3 years. If Defendant Christopher A. Hoshaw is found by a preponderance of evidence to have violated a condition of supervised release, he may be incarcerated for an additional term of up to 2 years on any such revocation.

Company-Defendant All Around Sports, LLC, by and through Defendant Christopher A. Hoshaw as executive principal and officer of All Around Sports, LLC, will waive Indictment in this case and plead guilty to Count 1 of an

Information charging the company with Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349. Conspiracy to Commit Wire Fraud carries the maximum penalties of probation, a $500,000 fine, or both.

For each count of conviction, the Defendants will be ordered to pay restitution and special assessments to the victims' assistance fund and forfeiture may also be ordered. Defendant Hoshaw's special assessment is $100; Defendant All Around Sports, LLC's special assessment is $400.

**D.     VIOLATION OF TERMS AND CONDITIONS:** The Defendants acknowledge and understand that if the Defendants violate the terms of this Plea Agreement, engages in any further criminal activity, or fails to appear for sentencing, this Plea Agreement shall become voidable at the discretion of the United States and the Defendants will face the following consequences:

(1)     All testimony and other information the Defendants have provided at any time to attorneys, employees, or law enforcement officers of the United States, to the Court, or to the federal grand jury may and will be used against each of them in any prosecution or proceeding.

(2)     The United States will be entitled to reinstate previously dismissed charges and/or pursue additional charges against the Defendants, and to use any information obtained directly or indirectly from each defendant in those additional prosecutions.

(3)     The United States will be released from any obligations, agreements, or restrictions imposed upon it under this Plea Agreement.

E. **ACCEPTANCE OF RESPONSIBILITY:** The United States agrees that based upon the information known to it at this time, Defendant Christopher A. Hoshaw is entitled to a two-level decrease in his offense level pursuant to U.S.S.G. § 3E1.1(a), provided no evidence is disclosed in the presentence report which indicates he has not demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct, and further provided he: (1) complies with the terms of this Plea Agreement; (2) testifies truthfully during the change of plea hearing; (3) participates truthfully with the Probation Office in the presentence investigation; (4) does not violate any conditions of pretrial detention or release after he signs this agreement; and (5) continues to exhibit conduct consistent with acceptance of responsibility. Both the United States and the Defendants otherwise reserve the right to present evidence and make argument regarding sentencing.

Timely Acceptance of Responsibility: The United States agrees that Defendant Christopher A. Hoshaw has timely notified authorities of his intention to enter a plea of guilty thereby permitting the United States and the Court to allocate their resources efficiently. Therefore, if the offense level determined prior to the operation of U.S.S.G. § 3E1.1(a) is level 16 or greater and Defendant Christopher A. Hoshaw qualifies for a two-level decrease under U.S.S.G. § 3E1.1(a), this provision shall be treated at the sentencing hearing as a motion pursuant to U.S.S.G. § 3E1.1(b) to decrease the offense level by one additional level.

**F. GOVERNMENT'S RECOMMENDATION REGARDING SENTENCE – ANY SENTENCE WITHIN STATUTORY LIMITS:** At the sentencing hearing, the United States and the Defendants are free to recommend whatever sentence each feels is appropriate, within statutory limits, present evidence, and make arguments in support thereof. The Defendants understand that any recommendation made by him or the United States is not binding on the Court. The Defendants further understands that they may not withdraw their respective pleas of guilty if the Court rejects any recommendation.

**G. SPECIAL ASSESSMENT:** The Defendants agree to remit to the U.S. Clerk of Court, 400 South Phillips Avenue, Sioux Falls, South Dakota 57104, no later than two weeks prior to sentencing, a certified or cashier's check payable to the "U.S. Clerk of Court" in the amount of $500, in full satisfaction of the statutory costs pursuant to 18 U.S.C. § 3013.

**H. RESTITUTION – AGREEMENT TO PAY:** The Defendants hereby agree to use their best efforts to make restitution to identified victims at or before the sentencing hearings as it relates to the conduct set forth in the Information and this Plea Agreement, pursuant to 18 U.S.C. §§ 3663 and 3663A. Specifically, as it relates to Defendant All Around Sports, LLC, restitution in the amount of $109,450.00 shall be made payable to Kokarmuit Corporation, a company located in Akiak, Alaska; restitution in the amount of $90,000.00 shall be made payable to the City of Ambler, a municipality located in the State of Alaska.

I.  **MONETARY OBLIGATIONS – DEFENDANTS' ONGOING DUTY:** If the Defendants do not have sufficient financial resources to immediately satisfy the financial obligations imposed upon them at sentencing, the Defendants agree, if requested by the United States, to promptly execute and return an executed Authorization to Release Financial Records and Documents, an executed Authorization to Release Tax Returns and Attachments, and an executed Financial Statement. The Defendants understand that this is an ongoing duty which begins upon execution of this plea agreement and continues until such time as payment of any financial obligation is remitted in full. The Defendants also may be required to furnish the requested information, as well as current earnings statements and copies of W-2s, even if the request is made after the sentencing proceedings.

The Defendants agree to assist the United States in identifying, locating, returning, and transferring assets for use in payment of any financial obligations imposed as part of the sentence in this case. The Defendants expressly authorize the United States Attorney's Office to obtain credit reports on him/her prior to judgment.

Defendant Christopher A. Hoshaw also agrees that if he is incarcerated, he will participate in the Bureau of Prisons' Inmate Financial Responsibility Program during any period of incarceration in order to pay any financial obligations ordered by the Court. Defendant Hoshaw's agreement to participate in the Inmate Financial Responsibility Program does not limit the United States' right to pursue collection from other available sources. If there is no period of

incarceration ordered, the Defendants agree that payment of any financial obligations ordered by the Court shall be a condition of probation.

J. **RESERVING THE RIGHT TO REBUT OR CLARIFY MITIGATION INFORMATION:** The United States reserves the right to rebut or clarify matters set forth in the presentence investigation report, or raised by the Defendants in mitigation of any recommended sentence, with evidence and argument, except as otherwise set forth in Paragraph B above.

K. **BASIS FOR PLEA OF GUILTY:** The Defendants agree that the statement of facts, signed by the parties and incorporated herein by this reference, provides the basis for each named Defendant's guilty plea in this case, and is a true and accurate statement of their actions or omissions with regard to the charges to which each named Defendant is entering a plea, and that the Court may rely thereon in determining the basis for each plea of guilty as provided for in this Plea Agreement.

L. **NO FURTHER PROSECUTION:** The United States agrees that there will be no further federal criminal prosecution of Defendant Christopher A. Hoshaw and Defendant All Around Sports, LLC, in the District of South Dakota based on the information and evidence now available to the United States regarding the Defendants' involvement with the offenses charged in the Information.

**M. WAIVER OF SPEEDY TRIAL:** The Defendants agree to waive any rights to a speedy trial under either the United States constitution or the Speedy Trial Act. This waiver is necessary so that the Court will have the benefit of all relevant information at sentencing.

**N. PARTIES BOUND:** It is further understood and agreed that this agreement is limited to the United States Attorney's Office for the District of South Dakota, and that this agreement cannot and does not bind other federal, state, or local prosecuting authorities.

**O. SCOPE OF AGREEMENT:** This agreement shall include any attachments, exhibits, or supplements designated by the parties. It is further understood and agreed that no additional promises, agreements, or conditions have been entered into other than those set forth in this agreement, and this agreement supersedes any earlier or other understanding or agreement.

**P. WAIVER OF DEFENSES AND APPEAL RIGHTS:** Each of the named Defendants hereby waive all defenses and rights to appeal any non-jurisdictional issues. The parties agree that excluded from this waiver is each named Defendant's right to appeal any decision by the Court to depart upward pursuant to the sentencing guidelines as well as the length of his sentence for a determination of its substantive reasonableness should the Court impose an upward departure or an upward variance pursuant to 18 U.S.C. § 3553(a).

## SUPPLEMENT TO PLEA AGREEMENT

The United States will file a Supplement to Plea Agreement, which is required to be filed in every case in compliance with the Court's Standing Order.

|  |  |
|---|---|
|  | RONALD A. PARSONS, JR.<br>United States Attorney |
| 12/11/18<br>Date | *signature*<br>Jeremy R. Jehangiri<br>Assistant United States Attorney<br>P.O. Box 2638<br>Sioux Falls, SD 57101-2638<br>Telephone: (605)330-4400<br>Facsimile: (605)330-4410<br>E-Mail: Jeremy.Jehangiri@usdoj.gov |

APPROVED:
RONALD A. PARSONS, JR.
United States Attorney
By:

*signature*
DENNIS R. HOLMES
Chief, Criminal Division

|  |  |
|---|---|
| 12/6/18<br>Date | *signature*<br>Christopher A. Hoshaw, individually and as executive principal and officer for All Around Sports, LLC<br>Defendants |
| 12/6/2018<br>Date | *signature*<br>Scott McKay<br>Attorney for Defendants |

## CERTIFICATE OF SERVICE

      I hereby certify that on December 12, 2018, the following document, Plea Agreement, was filed with the Clerk of Court, and that ECF will not send a Notice of Electronic Filing (NEF) to the following:

    smckay@nbmlaw.com

      I further certify that a copy of the foregoing document will be sent via electronic mail to the following:

    smckay@nbmlaw.com

Dated this 12th day of December, 2018.

Jeremy R. Jehangiri
Assistant United States Attorney